IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENYDALE ROBINSON, #R59815, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-00973-SMY |
| JOHN BALDWIN,<br>ROB JEFFREYS,<br>FRANK LAWRENCE,<br>JOHN DOE 1,<br>JOHN DOE 2,<br>JOHN DOE 3,<br>JOHN DOE 4,<br>MATTHEW DULANEY,<br>JOSHUA SCHOENBECK,<br>and JASON HART, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kenydale Robinson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred during an orange crush tactical team shakedown at Menard in April 2019. (Doc. 1, pp. 1-33). Plaintiff claims he was subjected to excessive force, unfair disciplinary action, and inhumane conditions of confinement. He asserts claims against the defendants for conspiring to violate his First, Eighth, and Fourteenth Amendment rights and requests monetary damages and injunctive relief.[1] (*Id.*).

---

[1] Plaintiff includes a long list of requests for injunctive relief in the Complaint. (*Id.* at p. 24). He does not refer to Federal Rule of Civil Procedure 65 or request a temporary restraining order or preliminary injunction. Therefore, the Court construes his request as one for relief *at the close of the case*. If more immediate relief is necessary, Plaintiff may file a Rule 65 motion herein.

1

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Extreme overcrowding of inmates in unconstitutional conditions[2] at Menard have caused a sharp rise in inmate violence and prison guard aggression that is well known to Baldwin, Jeffreys, and Lawrence. (Doc. 1, pp. 4-7). Sometime in April 2019, the orange crush tactical team conducted a shakedown at the prison. (*Id*. at pp. 7, 11-15). Plaintiff was taken in handcuffs to the chapel and subjected to a humiliating and painful strip search. (*Id*.). He remained cuffed and in pain for hours thereafter. (*Id*.). When Plaintiff asked to use the restroom, three unknown officers (John Does 1, 2, and 3) responded with excessive force by jerking his cuffs high above his head and beating him. (*Id*. at pp. 4-15). Warden Lawrence and a fourth officer (John Doe 4) observed the incident but did not intervene. (*Id*. at p. 15).

To cover up their alleged misconduct, Officer Matthew Dulaney issued Plaintiff a false disciplinary ticket for disobeying a direct order. (*Id*. at pp. 15-20, 31). The Adjustment Committee (Joshua Schoenbeck and Jason Hart) found Plaintiff guilty and punished him with one month of

---

[2] Plaintiff describes overcrowded cells, poor ventilation, extreme temperatures, inadequate medical care, unclean water, insufficient toilets, and no cleaning supplies. He claims that John Baldwin, Rob Jeffreys, and Frank Lawrence simply turned a blind eye to these conditions. (*Id*. at pp. 4-7).

2

segregation, C-grade, and commissary restrictions. (*Id*.). Plaintiff was subjected to unconstitutional conditions in segregation similar to those he encountered in the general population, *i.e.*, unclean cells, no cleaning supplies, poor ventilation, and extreme temperatures. (*Id*. at pp. 21-22).

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following Counts:

> **Count 1:** Eighth Amendment claim against Baldwin, Jeffreys, and Lawrence for turning a blind eye to the inhumane conditions of confinement in the general population cells at Menard. (*Id*. at pp. 4-7).
>
> **Count 2:** Eighth Amendment claim against John Does 1, 2, and 3 for using unauthorized force and conducting a humiliating strip search of Plaintiff at Menard on or around April 2019. (*Id*. at pp. 7, 11-14).
>
> **Count 3:** Eighth Amendment claim against John Doe 4 and Lawrence for failing to intervene and protect Plaintiff from the humiliating and painful strip search that occurred at Menard in April 2019. (*Id*. at p. 15).
>
> **Count 4:** Eighth Amendment claim against Baldwin, Jeffreys, and Lawrence for turning a blind eye to the orange crush tactical team's humiliating, inhumane, and intimidating "nuts to butts" strip searches of Plaintiff and other inmates at Menard. (*Id*. at pp. 8, 11-15).
>
> **Count 5:** First Amendment retaliation claim against "facility staff/officers," such as Kimberly Butler, for responding with aggression to inmate complaints about the unconstitutional conditions of their confinement. (*Id*. at p. 9).
>
> **Count 6:** Fourteenth Amendment claim against Dulaney, Schoenbeck, and Hart for depriving Plaintiff of a protected liberty interest without due process of law by issuing him a false disciplinary ticket and punishing him with one month of segregation, C-grade, and commissary restriction. (*Id*. at pp. 15-16, 18-20, 31).
>
> **Count 7:** Eighth Amendment claim against Baldwin and Lawrence for turning a blind eye to the inhumane conditions of confinement in segregation at Menard. (*Id*. at pp. 21-22).
>
> **Count 8:** Common law conspiracy claim against Dulaney, Schoenbeck, and Hart for working together to cover up the orange crush team's misconduct by issuing

Plaintiff a false disciplinary ticket at Menard on or around April 2019. (*Id.* at pp. 16-17).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Twombly*.**[3]

## Discussion

The Eighth Amendment claims in Counts 1, 2, 3, 4, and 7 survive screening against those individual defendants who are named in connection with each claim above. However, Counts 5, 6, and 8 will be dismissed without prejudice.

Plaintiff names only non-parties in connection with Count 5. He asserts a First Amendment retaliation claim against the "facility staff/officers" and Kimberly Butler but lists neither as a defendant in the Complaint. "Even a pro se prisoner's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the title of the action." *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006). Because "facility staff/officers" and Kimberly Butler are not defendants, Count 5 will be dismissed without prejudice.

Counts 6 and 8 arise from the issuance of an allegedly false disciplinary ticket that resulted in Plaintiff's punishment with a month in segregation, C-grade, and commissary restrictions. He claims that several defendants conspired to place him in segregation following the unlawful strip search in order to cover up the misconduct of orange crush officers. To the extent Plaintiff seeks relief for a due process violation in Count 6, the Court finds that no right to due process was triggered. In order to pursue a Fourteenth Amendment due process claim in this context, Plaintiff must demonstrate that a protected "life, liberty, or property" interest was at stake in the first place.

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Demotion to C-grade and commissary restrictions do not implicate a property or liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (no protected liberty interest implicated by demotion to C-grade or loss of certain privileges).

Segregation gives rise to a protected liberty interest only when it imposes an "atypical and significant hardship" on the inmate. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). When making this determination, courts consider the duration of confinement in segregation and the conditions an inmate encountered there. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). Plaintiff was placed in segregation for a short duration and describes conditions nearly identical to those he faced in the general population. *See Beaman v. Pollard*, 711 F. App'x 794 (7th Cir. 2018) (four months in segregation does not implicate a protected liberty interest). Therefore, Plaintiff's Fourteenth Amendment due process claim does not survive screening and will be dismissed without prejudice against Dulaney, Schoenbeck, and Hart. Because common law conspiracy claims provide no independent basis of liability under Section 1983, Count 8 will also be dismissed without prejudice against these defendants.

**Identification of Unknown Defendants**

Plaintiff will be allowed to proceed with Counts 2 and 3 against John Doe 1-4. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. In this case, the current Warden of Menard Correctional Center will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendants. Once their

names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the generic designations in the caption and Complaint.

## Pending Motion

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 2), which is **DENIED** without prejudice because Plaintiff has not shown reasonable efforts to locate counsel.[4] Plaintiff allegedly wrote to several attorneys seeking their assistance with this case, but he did not provide the Court with copies of any letters.

Plaintiff has also demonstrated an ability to litigate this matter without counsel. The Complaint survives screening, and this case focuses on several straightforward Eighth Amendment claims. Plaintiff cites only two impediments to litigating this matter without counsel: a lack of legal expertise and limited access to the law library. These impediments are insufficient to warrant the recruitment of counsel at this time. Should Plaintiff's face different or additional impediments as the case progresses, he may file a new motion.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A against the below-listed defendants *in their individual capacities*:

- **COUNTS 1** and **4** against Defendants **BALDWIN, JEFFREYS,** and **LAWRENCE**;

- **COUNT 2** against Defendants **JOHN DOES 1, 2,** and **3**;

- **COUNT 3** against Defendants **JOHN DOE 4** and **LAWRENCE**;

- **COUNT 7** against Defendants **BALDWIN** and **LAWRENCE**;

---

[4] In evaluating this motion, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

The **OFFICIAL CAPCITY** claims against these defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 5, 6,** and **8** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system and **TERMINATE** Defendants **DULANEY, SCHOENBECK,** and **HART** as parties herein.

With respect to **COUNTS 1**, **2, 3, 4,** and **7,** the Clerk of Court shall prepare for Defendants **BALDWIN, JEFFREYS, LAWRENCE, JOHN DOES 1-4 (once identified),** and **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Service shall not be made on Defendants **JOHN DOE 1**, **2, 3,** or **4** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. The Warden of Menard Correctional Center need only file a notice of appearance and is not required to answer or otherwise respond to the Complaint.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. §§ 1915(f)(1), (2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**