**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KENYDALE ROBINSON, #K58636,     )
)
     **Plaintiff,**         )
)
     **v.**                  )             **Case No. 19-cv-973-RJD**
)
**JOHN BALDWIN, ROB JEFFREYS, and** )
**FRANK LAWRENCE,**        )
)
     **Defendants.**      )

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies and Supporting Memorandum of Law filed by Defendants Baldwin, Jeffreys, and Lawrence (Docs. 33 and 34).   Plaintiff did not file a Response.   For the reasons stated below, Defendants' Motion is GRANTED.

**<u>Background</u>**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this lawsuit pursuant to 42 U.S.C. 1983.   Plaintiff alleges that his Eighth Amendment rights were violated at Menard Correctional Center during a shakedown by the prison's tactical team in April 2019.   Plaintiff further alleges that extreme overcrowding of inmates at Menard has led to inhumane conditions of confinement and an increase in inmate violence.   The Court conducted a threshold review of Plaintiff's Complaint pursuant to 42 USC §1915A and dismissed several claims.   Plaintiff's case proceeded on the following counts:

Count 1:     Eighth Amendment claim against Baldwin, Jeffreys, and Lawrence for turning a blind eye to the inhumane conditions of confinement

in the general population cells at Menard.

Count 3:    Eighth Amendment claim against Lawrence for failing to intervene and protect Plaintiff from the humiliating and painful strip search that occurred at Menard in April 2019.

Count 4:    Eighth Amendment claim against Baldwin, Jeffreys, and Lawrence for turning a blind eye to the tactical team's humiliating, inhumane, and intimidating strip searches of Plaintiff and other inmates at Menard.

Count 7:    Eighth Amendment claim against Baldwin and Lawrence for turning a blind eye to the inhumane conditions of confinement in segregation at Menard.

Defendants filed the instant motion, contending that Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Defendants requested Plaintiff's grievance records from Menard Correctional Center ("Menard') and the Administrative Review Board ("ARB"). With their Motion for Summary Judgment, Defendants submitted an affidavit from Kelly Pierce, Grievance Officer at Menard Correctional Center.  Pierce avers that Plaintiff submitted four grievances in April-June 2019.  Two of those grievances were related to Plaintiff's medical conditions and requests for more medical treatment.  The two remaining grievances-one dated April 5, 2019, another dated April 15, 2019-are related to the issues described in Plaintiff's Complaint.

**April 5, 2019:**    Plaintiff submitted grievance #145-4-19, explaining that a disciplinary report he received from an incident with the tactical team on April 4, 2019 was unwarranted.  Plaintiff further grieved that after the incident, he was placed in a cell without suitable water. The grievance was denied by the Grievance Officer on 4/8/2019. The Warden denied the grievance on 2/4/2020 and returned it to Plaintiff.

**April 15, 2019**    Plaintiff submitted an emergency grievance directly to the Warden describing the conditions in his cell.  The Warden determined the grievance did not constitute an emergency and the grievance was

returned to Plaintiff on April 17, 2019.   Plaintiff did not pursue the grievance further.

Defendants submitted an affidavit from Sherry Benton, Chairperson of the ARB. Chairperson Benton avers that the only grievance Plaintiff has ever submitted to the ARB was dated January 9, 2020.   Plaintiff filed this lawsuit on September 4, 2019.

Plaintiff never responded to Defendants' Motion for Summary Judgment.   Along with their Motion for Summary Judgment, Defendants filed a Notice warning Plaintiff that if he failed to respond to Defendants' Motion, the Court may grant the Motion and terminate the case.   Doc. 35.   Plaintiff was further warned that pursuant to Local Rule 7.1, he had thirty days to respond to Defendants' Motion and if he failed to do so, the Court may consider his failure to file a Response to be an admission of the merits of the Motion.   Defendants' Motion was filed on August 24, 2020.   Plaintiff never responded, nor did he file a Motion for Extension of Time to file a Response.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain the following:

> ….factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the

Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there is a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the grievance records and affidavits presented by Defendants, the Court finds that

Page **5** of **7**

Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  Plaintiff submitted several grievances at Menard in April-June 2019, including two that related to the issues in this lawsuit.  The grievance that Plaintiff submitted on April 5, 2019 (Doc. 34-6), did not identify any of the defendants in this case, nor did it describe any actions or inactions that Plaintiff attributes in his Complaint to Defendants Jeffreys, Lawrence, and Baldwin.  After the Warden denied the grievance, Plaintiff did not appeal it to the ARB prior to filing suit.  Accordingly, Plaintiff did not exhaust his administrative remedies against the Defendants in this lawsuit via the April 5, 2019 grievance.

Plaintiff submitted an emergency grievance related to the conditions of his cell on April 15, 2019.  This grievance is not part of the record so the Court cannot determine whether it identifies Defendants.[1]  Regardless, Grievance Officer Pierce's affidavit establishes that Plaintiff did not fully exhaust his administrative remedies with this grievance.  After the Warden determined that it was a non-emergent grievance, it was returned to Plaintiff.  Pierce further avers in her affidavit that if a grievance is determined to be a non-emergency, it is returned to the prisoner with instructions to submit the grievance through the "normal" grievance process.  The Menard grievance records reflect that Plaintiff did not submit the grievance through the normal, non-emergent process.  Consequently, the April 15, 2019 grievance does not suffice to exhaust Plaintiff's administrative remedies.

### Conclusion

For the reasons set forth above, the Motion for Summary Judgment for Failure to Exhaust

---

[1]  According to Grievance Officer Pierce's affidavit, this grievance would not have been kept in Plaintiff's "Masterfile" at Menard because it was deemed a non-emergency, but never resubmitted through the "normal" channels at Menard.

Administrative Remedies filed by Defendants Baldwin, Jeffreys, and Lawrence is **GRANTED**.

This matter is **DISMISSED WITHOUT PREJUDICE**.   The Clerk of Court is directed to enter

judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   December 21, 2020**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**